UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA - LAFAYETTE DIVISION

**KEITH GALLICIO**
        Plaintiff
     **v.**

**CITY OF PATTERSON, ET AL**
        Defendants

**CIVIL ACTION NO. 6:15-CV-514**

**JUDGE REBECCA F. DOHERTY**

**MAG.  PATRICK J. HANNA**

## MEMORANDUM IN SUPPORT OF THE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The defendants, the CITY OF PATTERSON and PATRICK LASALLE, move for summary judgment to dismiss the plaintiff's 42 U.S.C. §1983 and Louisiana law causes of action for violation of La. R.S. 40:2531, "the Police Officer's Bill of Rights."

### BACKGROUND

Gallicio was terminated from the Patterson Police Department in February 2014 due to his repeated failure to abide by department policy, particularly regarding the timely completion and submission of accident reports, and his unwillingness to follow chain of command.  For a full recitation of the motivation for Gallicio's termination and supporting evidence, see Rec. Doc. 14, the defendants' Opposition to the Plaintiff's Motion for Summary Judgment [Rec. Doc. 10].

### LAW AND ANALYSIS

#### I.   POLICE OFFICER'S BILL OF RIGHTS DOES NOT APPLY

As a threshold issue, La. R.S. 40:2531, the Police Officer's Bill of Rights, does not apply to the facts as alleged by Gallicio. Gallicio was terminated during a telephone conversation, prior to an investigation and without being interrogated. In his Petition for Damages, Gallicio specifically pleads: "The City of Patterson never conducted an

investigation…"[1] However, the statute specifically states, "Whenever a police employee or law enforcement officer *is under investigation*, the following minimum standards shall apply." See La. R.S. 40:2531(B), emphasis added. These minimum standards concern an officer's rights during an interrogation. Therefore, without an investigation and accompanying interrogation, the statue is not triggered.

Considering similar facts, the court in *Howell v. Town of Ball*, 12-951 (W.D. La. 12/21/12) 2012 WL 6680364, held that the plaintiff failed to show Section 40:2531 was violated.   There, the plaintiff was fired during a "heated discussion" with the Chief of Police. He was never interrogated; therefore, the Chief's motion to dismiss all causes of action concerning Section 40:2531 was granted. The same result should be reached here and Gallicio's causes of action relating to Section 40:2531 should be dismissed, with prejudice.

For completeness, Gallicio's flawed application of Section 40:2531 will be addressed.

## II.   LA. R.S 40:2531 DOES NOT CREATE SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

Gallicio asserts that Section 40:2531 provides him with a property interest in his continued employment with the Patterson Police Department which, therefore, entitles him to both substantive and procedural due process rights. This is not correct. Section 40:2531 does not create a property interest protected by due process and, therefore, does not entitle Gallicio to a *Loudermill* pre-termination hearing, etc.

In *Cobb v. City of Harahan*, 12-30917, 516 Fed.Appx. 337 (5th Cir. 2013), the Fifth Circuit considered whether the Lawrason Act, which provides that the removal of a department head is subject to approval by the board of alderman, created property interests in continued employment subject to due process considerations. The Fifth Circuit held that,

---

[1]   Petition for Damages at ¶6

although the Lawrason Act placed restrictions on *how* the plaintiff may be fired, it did not create due process rights.  The court's reasoning is significant here:

> The Lawrason Act says nothing about *why* his employment may be terminated; it only specifies *how* his employment may be terminated. An ordinance "merely conditioning an employee's removal on compliance with certain specified procedures" does not endow that employee with a property interest in his employment.

*Cobb*, 516 Fed.Appx. at 340[2]

Like the Lawrason Act, Section 40:2531 does nothing more than set forth the minimal procedures which must be complied with while an officer is under investigation and prior to disciplinary action as a result of the investigation. It is a "how" statute, and "'[p]roperty' cannot be defined by the procedures provided for its deprivation'." *Cabrol v. Town of Youngsville*, 96-30219, 106 F.3d 101, 106 (5th Cir. 1997)[3]  Unlike an employment contract which restricts when or why an employee may be terminated or civil service law which unequivocally bestows property rights upon its participants, Section 40:2531 does not change an unclassified officer's employment status. Instead, the officer remains employed at the pleasure of his municipal employer.

See also *Bishop v. Wood*, 74-1303, 426 U.S. 341, 96 S.Ct. 2074 (1976), overruled on other grounds, where the Supreme Court held that an ordinance which provides that an employee's removal is conditioned on the city's compliance with certain specified procedures did not create a protected property interest in continued employment. The violation of a procedural provision does not create a right to due process.

The distinction between a due process violation and a failure to follow Section 40:2531 has been drawn by federal and state courts, demonstrating that Section 40:2531

---

[2]    citing *Bishop v. Wood,* 426 U.S. 341, 345, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)

[3]    citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985). See also *Cobb*, 516 Fed.Appx at 340, citing *Cabrol*, 106 F.3d 101

does not invoke due process protection. See *Knight v. Department of Police*, 91-CA-2448 (La. App. 4 Cir.  5/27/93) 619 So.2d 1116, considering the plaintiff's due process rights under *Loudermill* as a civil servant before moving on to the separate consideration of whether the police investigation violated Section 40:2531; and *Tolliver v. City of New Roads*, 15-374 (M.D. La. 8/28/15) 2015 WL 5138258, citing *Brown v. Dep't of Police*, 2008-CA-0466 (La. App. 4 Cir. 12/3/08) 999 So.2d 1178, 1182, "distinguishing 'due process rights' from 'those under La. R.S. 40:2531.'"

In addition, if Section 40:2531 creates due process rights, then unclassified employees and those employed by entities not subject to civil service regulations, like Gallicio, will be given the same rights as those who are. This would undermine the civil service scheme and create a hybrid civil service system for Lawrason Act municipalities and similar, smaller political subdivisions.  The civil service provisions specifically apply to some entities and not others. It would be illogical, then, to allow Section 40:2531 to circumvent this structure and to create the same due process rights for those who are not classified, permanent employees, particularly because Section 40:2531 and the civil service provisions reach the same types of employees, *i.e.* police officers. The legislature did not intent to extend due process protection to these non-civil servant police officers.

## III.    QUALIFIED IMMUNITY

In the alternative, it was not clearly established at the time Gallicio was fired that Section 40:2531 created a protected property interest in continued employment; therefore, Chief LaSalle is entitled to qualified immunity.

"A public official is entitled to qualified immunity on summary judgment unless (1) the plaintiff has 'adduced sufficient evidence to raise a genuine issue of material fact suggesting [the official's] conduct violated an actual constitutional right,' and (2) the official's 'actions were objectively unreasonable in light of clearly established law at the

time of the conduct in question'." *Hernandez v. City of Lubbock, Tex.*, 15-10464, 2015 WL 9245272, at *2 (5th Cir. 12/17/15), *as revised* (12/28/15)

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012) The burden is on Gallicio to "negate the defense by demonstrating 'genuine issues of material fact regarding the reasonableness of the [defendant's] conduct'." *Staten v. Adams*, 615 F. App'x 223, 224 (5th Cir. 2015)[4] Gallicio "must plead facts to show a violation of a right that was clearly established at the time of the incident and that, in light of that clearly established law, the defendant's conduct was objectively unreasonable." *Staten*, 615 F. App'x at 224

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects all but the plainly incompetent or those who knowingly violate the law." *Davis v. Romer*, 600 F. Appx 926, 928-29 (5th Cir. 2015), *as revised* (2/3/15)[5] "A government official's acts are not objectively unreasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's rights." *Carroll v. Ellington*, 800 F.3d 154 (5th Cir. 2015)

In spite of the jurisprudence cited above which shows that Section 40:2531 does not create due process rights, including the 2015 *Tolliver* decision, the court in *Howell*, 2012 WL 6680364, held that the plaintiff failed "to allege facts which would support a claim of due process violations under La. R.S. 40:2531." Similarly, in *Jackson v. City of Amite*, 97-014 (E.D. La. 1998) 1998 WL 4485*4, the court noted that "Section 2531 provides for 'due

---

[4]   citing *Michalik v. Hermann,* 422 F.3d 252, 262 (5th Cir. 2005)

[5]   citing *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011) See also *City & Cnty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015)

process' assurances for law enforcement under investigation." See also *Coburn v. City of Bossier City*, 5:09-CV-01970 (W.D. La. 2012) 2012 WL 1071184, where the court considered La. R.S. 33:2181, a similar statue concerning a firefighter's rights during an investigation. The court discussed federal and Louisiana due process before turning to the analysis under Section 33:2181 but, then, interchanged due process and the procedural safeguards of Section 33:2181 when discussing various remedies.

To the extent these decisions support the argument that Section 40:2531 creates a property interest and corresponding due process protection in Gallicio's continued employment, they are in conflict with *Knight,* 619 So.2d 1116, *Tolliver,* 2015 WL 5138258, and *Brown,* 999 So.2d 1178 and the reasoning in *Cobb*, 516 Fed.Appx. 337, *Cabrol*, 106 F.3d 101, and *Bishop*, 426 U.S. 341. Therefore, the right was not clearly established when Gallicio was terminated in 2014, and Chief LaSalle's purported failure to comply with Section 40:2531, which is not admitted, was objectively reasonable.  All reasonable officers in Chief LaSalle's position would not have believed their actions violated due process.  For instance, consider the actions of the Chief of Police in *Howell*, 2012 WL 6680364. Gallicio has failed to show that Chief LaSalle is not entitled to qualified immunity on this issue.

## VI.    *MONELL*[6] LIABILITY

Gallicio cannot satisfy his burden on any of the elements required to prove Section 1983 liability against the City of Patterson concerning an alleged constitutional deprivation under Section 40:2531, *i.e.* that an official policy, custom, or practice, adopted with deliberate indifference, was the moving force behind the alleged constitutional violation. *Thomas v. City of Houston*, 537 F. App'x 593, 595 (5th Cir. 2013), "Deliberate indifference is

---

[6]   *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 98 S. Ct. 2018 (1978)

an extremely high standard to meet."[7] See also *Piotrowski v. City of Houston*, 237 F.3d 567, 579-80 (5th Cir. 2001)

 To the contrary, the defendants' evidence shows that the moving force behind Gallicio's termination was his unsatisfactory job performance and poor attitude.[8] Gallicio does not argue that his termination was sparked by a policy, custom, or practice of violating Section 40:2531. As more fully addressed in the defendants' Opposition to the Plaintiff's Motion for Summary Judgment [Rec. Doc. 10, 14], neither Gallicio nor any of his witnesses, discuss prior or continued violations of Section 40:2531, and no offending policy, custom, or practice has been identified.

## CONCLUSION

 The defendants' motion presents legal issues properly before the court on a motion for partial summary judgment.[9]  The facts relevant to this motion are undisputed and the defendants are entitled to summary judgment as a matter of law, dismissing the plaintiff's 42 U.S.C. §1983 and Louisiana law causes of action for violation of La. R.S. 40:2531.

 WHEREFORE, the defendants pray that the court grant the defendants' Motion for Partial Summary Judgment, dismissing all causes of action for an alleged violation of La. R.S. 40:2531.

---

[7]   Citing *Domino v. Tex. Dep't of Crim. J.,* 239 F.3d 752, 756 (5th Cir.2001)

[8]   See Exhibit A, Affidavit of Patrick LaSalle; Exhibit B, Affidavit of Larry Jones and Jones-1 and Jones-2; and Exhibit C, Affidavit of Kevin Stewart, previously filed into the record as Rec. Doc. 14-3, in support of the defendants' Opposition to the plaintiff's Motion for Summary Judgment [Rec. Doc. 10] on the same and similar issues, incorporated herein by reference

[9]   "A court should grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. " *Hernandez*, 2015 WL 9245272, at *2, citing Fed.R.Civ.P. 56(a)

Respectfully submitted,

**NEUNERPATE**

    /s/*Sara R. Buggs*
**JAMES L. PATE** (#10333)
(jpate@neunerpate.com)
**JASON T. REED** (#28733)
(jreed@neunerpate.com)
**SARA RODRIGUE BUGGS** (#32660)
(sbuggs@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Road, Suite 200
Lafayette, Louisiana 70503
Telephone:     (337) 237-7000
Fax:             (337) 233-9450
**Counsel for defendants, the City of Patterson
and Patrick LaSalle**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on February 29, 2016, a copy of the defendants' Motion for Partial Summary Judgment, Memorandum in Support, Statement of Uncontested Material Facts, and Notice of Hearing were filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to:

| | |
|---|---|
| Mr. David W. Ardoin | Mr. Mark D. Plaisance |
| Ardoin, McKowen & Ory, LLC | P.O. Box 796 |
| 505 W. Third Street | Thibodaux, Louisiana 70302 |
| Thibodaux, Louisiana 70301 | |

by operation of the Court's electronic filing system and as indicated above.

        /s/*Sara R. Buggs*
**SARA RODRIGUE BUGGS** (#32660)